**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

<u>VIA ECF</u>                                                                                February 27, 2026

The Honorable Naomi Reice Buchwald
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

Re:    *Lynx Whole Loan Acquisition LLC v. Caliber Home Loans, Inc. et al.*, No. 1:25-cv-02948
       <u>Motion to Seal</u>

Dear Judge Buchwald:

    We move on behalf of Lynx Whole Loan Acquisition LLC ("Lynx") pursuant to Your Honor's Individual Practices, the Court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6, to seal Exhibit 3 in support of Lynx's concurrently filed response to pre-motion discovery letter filed by Caliber Home Loans, Inc. ("Caliber").

    Exhibit 3 is a second amended privilege log that Lynx has designated "Confidential" pursuant to the Protective Order governing this action (Dkt. 49).  Exhibit 3 contains detailed information regarding confidential internal communications among Lynx personnel and attorneys. Accordingly, Lynx respectfully requests authorization to file Exhibit 3 under seal.  The Court has already granted Caliber's motion to seal Lynx's first amended privilege log.  Dkt. 100.

    In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed[.]"  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  Protecting sensitive business information is among the "higher values consistently recognized by courts in this Circuit" as a "countervailing factor that can prevail over the presumption of public access."  *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations omitted).

Respectfully submitted,

*/s/ David M. Grable*

David M. Grable

Cc (via ECF):  All counsel of record

Application granted without
prejudice to reconsideration.

SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated:    March 2, 2026
          New York, New York

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH