**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LYNX WHOLE LOAN
ACQUISITION LLC,

                Plaintiff,

        -against-

CALIBER HOME LOANS, INC., NEW
RESIDENTIAL INVESTMENT CORP. (n/k/a
RITHM CAPITAL CORP.), and NEWREZ
LLC,

                Defendants.

Case No. 1:25-cv-02948

---

CALIBER HOME LOANS, INC.,

                Counterclaim Plaintiff,

        -against-

LYNX WHOLE LOAN
ACQUISITION LLC, and ALLIED FIRST
BANK, S.B.,

                Counterclaim Defendants.

---

### JOINT STATUS REPORT PURSUANT TO CASE MANAGEMENT PLAN

Plaintiff and Counterclaim Defendant Lynx Whole Loan Acquisition LLC ("Lynx"), Counterclaim Defendant Allied First Bank, S.B. ("Servbank"), Defendant and Counterclaim Plaintiff Caliber Home Loans, Inc. ("Caliber"), Defendant NewRez LLC ("NewRez"), and Defendant New Residential Investment Corp. (n/k/a Rithm Capital Corp.) ("Rithm") (collectively, the "Parties") submit this Joint Status Report pursuant to the Court's August 7, 2025 Case Management Plan, which requires a joint status report every 60 days.

The Parties met and conferred by email and hereby jointly submit the following:

1

## I.      CASE SCHEDULE

The Parties agree that good cause exists for an extension of expert discovery deadlines and the deadline to file dispositive motions.  The Parties filed a joint stipulation seeking this extension, which was so ordered by the Court.  *See* Dkt. 179.

## II.     PENDING MOTIONS TO DISMISS

Two motions to dismiss remain pending: (1) Defendants NewRez and Rithm's motion to dismiss (Dkt. Nos. 63–65, 81–82, 85), and (2) Counterclaim Defendant Servbank's motion to dismiss (Dkt. Nos. 68–69, 78–80, 84).  Both motions proceeded on the same briefing schedule (Dkt. No. 62), and briefing was completed on December 12, 2025.

## III.    STATUS OF PARTY DISCOVERY

### 1.      Status of Discovery Resulting From the April 23, 2026 Hearing

Following the April 23, 2026 hearing, the Parties continued to meet and confer on several outstanding discovery items at the direction of the Court.  These discovery issues include: (1) Lynx taking an additional 30(b)(6) deposition regarding Caliber's repurchase and redelivery practices, policies and procedures for non-Lynx loans; (2) Lynx proceeding with a 30(b)(6) deposition on its previously noticed Topic 21, relating to "[a]ny monies that Caliber paid or transferred to Lynx in connection with or following Caliber's Notice of Termination, including the amounts, timing, and the reasons for such payments or transfers"; (3) Lynx producing a document-by-document privilege log; and (4) the issue of Caliber's litigation reserve.

(a)      *Rule 30(b)(6) Deposition Regarding Repurchase and Redelivery of Non-Lynx Loans*

This deposition occurred on May 20, 2026.

(b)      *Rule 30(b)(6) Deposition Regarding Topic 21*

The Parties have met and conferred regarding Topic 21 and are in the process of scheduling a deposition on Topic 21.

(c)      *Lynx's Amended Document-by-Document Privilege Log*

At the hearing, the Court directed Lynx to produce a document-by-document privilege log. On May 12, 2026, Lynx served an amended privilege log, along with an additional set of documents that they are no longer withholding as privileged.  After reviewing the revised privileged log, Caliber sent a letter to Lynx on May 27, 2026, challenging 133 documents that, upon being identified on a document-by-document privilege log for the first time, Caliber contends are not privileged on their face.  Caliber requested that these materials be produced by June 3, 2026.  On May 29, 2026, Lynx advised that it is "reviewing [Caliber's] letter and will respond in due course."  Lynx intends to respond to Caliber's letter by early next week.

## 2.      Caliber's Responses and Objection to Lynx's Interrogatory 12

The Parties have met and conferred regarding Caliber's responses and objections to Lynx's Interrogatory 12.  This Interrogatory states: "For the valuation of the Servicing Rights under the Agreement referenced in Paragraph 205 of Caliber's Counterclaims, state the value Caliber contends is correct under the Agreement, and state all facts and identify all Documents and Testimony supporting that contention, including the methodology, inputs, assumptions, and calculations used to arrive at that value."

Lynx explained that Interrogatory 12 requests information concerning two mortgage servicing rights valuations—a Situs valuation and a Caliber internal valuation—that Caliber identified in Paragraph 205 of its Counterclaims.  Lynx's position is that Caliber is reading the interrogatory too narrowly and, at a minimum, should be able to explain the basis for its own

3

contemporaneous, internal valuation, which Caliber put at issue in its Counterclaims and is within Caliber's own knowledge regardless of non-party and expert discovery. Caliber maintains that the Interrogatory expressly asks Caliber to "state the value Caliber contends is correct under the Agreement", which Caliber has stated it will respond to after the completion of third-party discovery and expert reports—a position similar to the one Lynx is taking. Caliber's position is that Lynx is ignoring the language of its own contention interrogatory and asking for different information than the interrogatory requests. The Parties continue to confer and hope to resolve this issue without Court intervention.

## IV.    <u>NON-PARTY DISCOVERY</u>

Both Lynx and Caliber have initiated non-party discovery by serving subpoenas for documents and depositions pursuant to Federal Rule of Civil Procedure 45. One non-party deposition remains to be taken, and the Parties are working with the non-party to schedule the deposition.

## V.    <u>ANTICIPATED MOTION FOR LEAVE TO AMEND</u>

Lynx anticipates filing a pre-motion letter requesting a pre-motion conference in connection with a motion for leave to file a Second Amended Complaint pursuant to Local Civil Rule 15.1 and Federal Rule of Civil Procedure 15(a)(2). The proposed amendment would add causes of action for fraudulent transfer and alter ego liability against Defendants Rithm and NewRez, and expand the factual basis for Lynx's existing successor liability claims, based in part on Caliber's disclosure on May 6, 2026 regarding its litigation reserve, as well as evidence obtained during discovery in this action. The proposed amendment would also add allegations concerning additional types of harm revealed through ongoing review of the loan files and related documents also produced for the first time in discovery, including Caliber's misrepresentations

concerning the modification status of hundreds of loans in the Mortgage Loan Schedules and Caliber's deficient recordkeeping in violation of the Agreement and Regulation X.

Reserving all rights, Caliber would oppose Lynx's proposed pre-motion letter requesting a pre-motion conference in connection with a motion for leave to file a Second Amended Complaint. The initial Complaint in this action was filed fourteen months ago and the First Amended Complaint almost a year ago. The deadline for fact discovery has passed, and the Parties are currently in expert discovery. Lynx's claims noted above could have been brought at the outset of the case, and Lynx provides no explanation for its neglect and undue delay, which substantially prejudice Caliber. In addition, Lynx's purported claim for deficient recordkeeping has no basis and an amendment asserting such a claim would be futile; it cannot withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). It is possible (if not probable) Lynx's other potential new claims would be similarly futile, but these are only vaguely asserted in Lynx's paragraph above.

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | ORRICK HERRINGTON & SUTCLIFFE LLP |
|---|---|
| By:  */s/ Jonathan Oblak* | By:    */s/ Richard A. Jacobsen* |
| David M. Grable (*pro hac vice*)<br>Robert B. Fuqua (*pro hac vice*)<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>(213) 443-3000<br>davegrable@quinnemauel.com<br>robfuqua@quinnemanuel.com | Richard A. Jacobsen<br>Thomas N. Kidera<br>51 West 52nd Street,<br>New York, New York 10019<br>(212) 506-5000<br>rjacobsen@orrick.com<br>tkidera@orrick.com |
| Jonathan Oblak<br>Wing F. (Alex) Ng<br>Alex Zuckerman<br>Ted Ovrom<br>295 Fifth Avenue<br>New York, New York 10016 | Aaron M. Rubin<br>2050 Main Street<br>Suite 1100<br>Irvine, California 92614<br>(949) 567-6700<br>amrubin@orrick.com |

(212) 849-7000
jonoblak@quinnemanuel.com
alexng@quinnemanuel.com
alexzuckerman@quinnemanuel.com
tedovrom@quinnemanuel.com

*Attorneys for Lynx Whole Loan
Acquisition LLC and Allied First Bank,
S.B.*

*Attorneys for Caliber Home Loans,
Inc., NewRez LLC, and New
Residential Investment Corp. (n/k/a
Rithm Capital Corp.)*

6